**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIUS LEWIS (#2020-00004360), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-cv-00271 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| WILL COUNTY ADULT DETENTION | ) | |
| FACILITYMEDICAL ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court denies Plaintiff's application to proceed *in forma pauperis* [7] and dismisses Plaintiff's complaint with prejudice for his failure to disclose his litigation history. Having brought this action, Plaintiff remains obligated to pay the full $402 filing fee, *see* 28 U.S.C. § 1915(b)(1), as well as all filing fees he has accrued in this Court to date. The Court therefore orders Plaintiff to pay (and the facility having custody of him automatically to collect and remit to the Clerk of Court) 100% of any and all deposits to Plaintiff's trust fund account in accordance with the instructions in the Statement section of this Order. The Clerk of Court is directed to: (1) close this case, (2) enter final judgment, (3) send a copy of this Order to this Court's fiscal department, and (4) send a copy of this Order to Plaintiff and the trust fund officer at Plaintiff's present place of incarceration. Civil case terminated.

**STATEMENT**

Will County detainee Julius Lewis initiated this *pro se* civil rights action under 42 U.S.C. § 1983 after he contracted COVID-19 at the Will County Adult Detention Facility. He seeks leave to proceed *in forma pauperis*. But a review of the Court's records reveals that he is barred from proceeding without prepayment of the full statutory filing fee.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). At least three of Lewis's prior lawsuits were dismissed for failure to state a claim upon which relief may be granted. *See Lewis v. Will County Court House*, No. 14 C 5958 (N.D. Ill.), dismissed on Aug. 11, 2014, for failure to state a claim; *Lewis v. Will County Circuit Clerk*, No. 14 C 6400 (N.D. Ill.), dismissed on Aug. 21, 2014, for failure to state a

claim; *Lewis v. Will County Adult Detention Facility*, No. 14 C 9017 (N.D. Ill.), dismissed on Apr. 1, 2015, for failure to state a claim. Because Lewis's complaint does not involve imminent danger of serious physical injury, 28 U.S.C. § 1915(g) mandates denial of his application to proceed *in forma pauperis*.

But that is not all. The Court previously advised Lewis that he had "struck out" and that his failure to inform the Court of his strikes "would result in an automatic dismissal of the new case while still requiring payment of the filing fee," Dkt. No. 6, *Lewis v. Will County Adult Detention Facility*, No. 14 C 9017 (N.D. Ill.), and he has had at least one prior case dismissed for his failure to disclose his litigation history, Dkt. No. 5, *Lewis v. Wexford Health Sources, Inc.*, No. 15 C 9271 (N.D. Ill.). Lewis nevertheless initiated this lawsuit without prepayment of the filing fee and without disclosing cases that constitute "strikes" on the form complaint, which required him to disclose "ALL lawsuits [he had] filed in any state or federal court in the United States."

Lewis's failure to disclose his strikes is material to this Court's consideration of his request to proceed without prepayment of the filing fee. The Court therefore finds that dismissal of his complaint with prejudice is warranted. *See Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011) (explaining that dismissal is appropriate where the plaintiff failed to disclose strikes); *Greyer v. Ill. Dep't of Corr.*, 933 F.3d 817, 880–81 (7th Cir. 2019) (explaining that dismissal with prejudice may be appropriate if an omission from a prisoner's litigation history constitutes a "material failure to disclose"); *see also Bryant v. Brin*, 621 Fed. App'x 859 (7th Cir. 2015) (dismissing appeal for prisoner's failure to disclose strikes when seeking *in forma pauperis* status).

Lewis also remains obligated to pay the full filing fee for this case, *see* 28 U.S.C. § 1915(b)(1), as well as all outstanding fees that he has accrued in this Court. The PLRA provides that, when a prisoner brings a civil action or files an appeal *in forma pauperis*, the Court (and the agency having custody of him) shall collect 20% of the prisoner's monthly income toward payment of the filing fee "each time the account exceeds $10 until the filing fees are paid." *See* 28 U.S.C. § 1915(b)(2). When a prisoner files more than one federal action *in forma pauperis*, the Court must collect 20% of the prisoner's monthly income for *each* case filed. *Bruce v. Samuels*, 577 U.S. 82, 90 (2016). Thus, five or more suits require a 100% deduction. *See id.* Income for purposes of calculating payments under the PLRA includes all deposits to a prisoner's trust fund account, including but not limited to gifts and bequests. *Lucien v. DeTella*, 141 F.3d 773 (7th Cir. 1998).

The Court's records show that Lewis owes filing fees for six civil actions initiated in this Court: $350.00 in *Lewis v. Will County Adult Detention Facility*, No. 14 C 5713 (N.D. Ill.); $400.00 in *Lewis v. Will County Court House*, No. 14 C 5958 (N.D. Ill.); $400.00 in *Lewis v. Will County Circuit Clerk*, No. 14 C 6400 (N.D. Ill.); $400.00 in *Lewis v. Will County Adult Detention Facility*, No. 14 C 9017 (N.D. Ill.); $400.00 in *Lewis v. Wexford Health Sources, Inc.*, No. 15 C 9271 (N.D. Ill.); and $400.00 in this case, *Lewis v. Will County Adult Detention Facility Medical Administration*, No. 21 C 0271 (N.D. Ill.). The Clerk of Court shall collect the filing fees from Lewis's trust fund account using the mechanism in 28 U.S.C. § 1915(b). The Court therefore orders Lewis to pay (and the facility having custody of him automatically to collect and remit to the Clerk of Court) 100% of any and all deposits to his account until his filing fees have been paid in full.

Payment of the filing fees identified in this order is in addition to any fees Lewis has accrued in other federal judicial districts or in connection with any other appeals he has filed. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case numbers to which the funds should be applied. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Lewis is housed until his filing fees have been paid in full.

If Lewis continues to initiate lawsuits in this Court without prepayment of the filing fee and without disclosing his litigation history, the Court will refer this matter to the Executive Committee with a recommendation that the Committee restrict his ability to file new civil actions in this Court until he has paid his outstanding fees in full.

Date:   May 10, 2021

_____
Andrea R. Wood
United States District Judge

3